IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CONNIE A. DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:19-cv-02264-JTF-cgc |
| | ) |
| METHODIST LE BONHEUR HEALTHCARE, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Before the Court is Defendant Methodist Le Bonheur Healthcare's ("Defendant" or "Methodist") Motion to Dismiss pro se Plaintiff Carrie Davis' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim; the Motion was filed on February 10, 2020.  (ECF No. 13.) Plaintiff did not file a response and she failed to comply with the Magistrate Judge's order to respond to Defendant's Motion to Dismiss. (ECF No. 14.)

The case was referred to the Magistrate Judge for management of all pretrial matters pursuant to Administrative Order 13-05 and 28 U.S.C. § 636. (ECF No. 15 n.1.) The Magistrate Judge issued a Report and Recommendation ("R. & R.") on June 12, 2020, recommending that the Court grant the Defendant's motion to dismiss Plaintiff's complaint. (ECF No. 15.) Neither of the parties filed objections to the R. & R. and their opportunity to do so has passed.[1] 28 U.S.C. §

---

[1] Records provided by the Clerk of Court indicate that the Motion to Dismiss (ECF No. 13), the Order to Show Cause (ECF No. 14), and the Report and Recommendation (ECF No. 15) were mailed to Plaintiff's residence in Cordova, Tennessee.

1

636(b)(1); LR 72.1(g)(2).  For the following reasons, the Court ADOPTS the Magistrate Judge's recommendation and DISMISSES Plaintiff's complaint with prejudice.

## FACTUAL HISTORY

In the R. & R., the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case.  (ECF No. 15, 1-17.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."  *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard."). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and

indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472, 88 L.Ed.2d 435 (1985)). This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

The R. & R. provides a thorough analysis for each of Plaintiff's claims, but ultimately recommends that they be dismissed because of Plaintiff's failure to respond to both the Defendant's Motion to Dismiss and the Court's Order to Show Cause. (ECF Nos. 13 & 14.) The Court agrees. Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Court finds, based on Plaintiff's failure to prosecute her claim or to respond to the Court's Order to Show Cause, that the complaint should be dismissed in its entirety, pursuant to Fed. R. Civ. P. 41(b). In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court finds that the R. & R. should be adopted.

## **CONCLUSION**

The Court **ADOPTS** the R. & R. in its entirety and **GRANTS** Defendant's Motion to Dismiss. Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice.[2]

**IT IS SO ORDERED** this 11th day of August 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[2] Due to Plaintiff's *pro se* status, the Court notifies Plaintiff of her right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).